## James O. Miller et al. v. Earl D. Riddle, Administrator, et al.

1. RELIGIOUS SOCIETY—*when trustees of, competent to receive bequest.* The trustees of a religious society are competent to receive a bequest notwithstanding such society has never been legally incorporated.

2. LAST WILL AND TESTAMENT—*what bequest of money as distinguished from devise of land.* Where by the terms of a will the testatrix directed the sale of real estate and the delivery of the proceeds to the beneficiary named, a bequest of money, as distinguished from a devise of land, will be held to have been intended.

3. TRUST—*when not held to have lapsed.* Where a bequest is made for the purpose of the maintenance of religious service at a place designated in the will, such bequest will not be held to have lapsed merely by reason of the fact that the church designated had become decayed and that for the time being no such services were being held.

Bill in equity. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed November 27, 1906.

JOHN E. POLLOCK, HENRY D. SPENCER and MONROE & SCHOCH, for appellants.

WELTY, STERLING & WHITMORE, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Esther Ireland died July, 1879, leaving a last will and testament which was admitted to probate in the County Court of McLean county. There are various provisions in the will, but the only ones involved in this appeal are as follows:

"To John Livingstone and Cornelia, his wife, the testatrix gave a life estate in her real estate, which, at the death of the life tenants she directed to be sold by an administrator to be appointed by the court and the proceeds of such sale, except $1,000 to be paid to H. H. Ballard, and $200 to be paid to Francis Webber,

to be disposed of under the twelfth item of her will, as follows:

'Item (12). Having no relatives but very distant ones and believing the favor would never reach them to any available effect, I wish the above appropria-tions made to objects near home that I may be more sure of accomplishing good, and the balance. of what may be realized from the sale of the real estate I leave as. a permanent fund for the benefit of the Baptist Church at Old Town, to be in the hands of the trustees of said church, like a school fund; said church being the place of my membership. The above fund to be subject to the same rules and legal regulations as a school fund, and the trustees shall apply the interest from time to time, as may be needed to support the church in the ministration of the Word, and otherwise, or for needed repairs.' "

After the death of the life tenants the appellee, Earl D. Riddle, administrator as aforesaid, filed his bill in equity to obtain a construction of said will. So far as it is material to the question here involved arising under the twelfth item of the will, the bill alleges that no religious services had been held in the Baptist Church at Old Town for a period of about fifteen years; that the church building had become delapidated; that the roof was substantially gone; that the build-ing as a whole was of little or no value; that but one trustee of said church remained, namely, Fran-cis Webber; that the said Esther Ireland left no chil-dren but had several brothers and sisters, the names of only a few of whom are known to complainant. The bill prays that the complainant may be ordered to sell the premises upon such terms as may by the court be deemed equitable and proper, and with refer-ence to the disposition of the proceeds of such sale the complainant asks the direction of the court as to whether or not the bequest mentioned in 12th item of the will has not lapsed and whether or not he should pay said bequest to Francis Webber, trustee of said church, or to the heirs atlaw of Esther Ireland. There-

after said administrator filed his supplemental bill
wherein he alleged that since the filing of his original
bill the Baptist Church at Old Town mentioned in said
will had held an election of trustees and that at such
election H. K. Williams, E. C. Bingham and Mollie
Evans were elected trustees; that it is uncertain
whether the said Baptist Church is a corporation; that
eleven persons, naming them, are all the members of
said church remaining. Thereafter the original bill
was amended by making certain other persons alleged
to be heirs at law of Esther Ireland, parties complain-
ant and defendant to said bill. The defendants, heirs
at law of Esther Ireland, filed their joint and several
answers asserting their rights as heirs at law of said
Esther Ireland to the fund in question, alleging that at
the time of the filing of the original bill the said Bap-
tist Church at Old Town had become dissolved and had
no legal existence, and that said bequest to the trustees
of said church thereby lapsed and reverted to them
as such heirs at law. The trustees and members of
the Baptist Church at Old Town entered their appear-
ance in the cause but did not answer the bill and were
defaulted for want of answer. The decree finds that
at the time of the death of Esther Ireland there was a
Baptist Church at Old Town holding regular services
in a certain building called the Baptist Church at
Old Town; that about fifteen years prior to the filing
of the bill the congregation worshipping in said church
had become so few in numbers and so poor financially
that the said building was allowed to run down and
services in it were discontinued, and that for more than
ten years then last past such building had been
a wreck, and no church services of any kind had
been held in it; that there are still in that vicinity
ten of the old members of the Baptist Church at
Old Town, and that since the filing of the original
bill such members have met and reorganized and
elected new trustees. The decree directs the admin-
istrator to sell the real estate of the testatrix and

Miller v. Riddle.

after making payment and distribution of a portion of the proceeds, not here involved, to pay the balance of such proceeds to the trustees of the Old Town Baptist Church, or to a trustee appointed by the court, to be used by them as a permanent fund for the benefit of the Baptist Church of said Old Town as provided in the will of Esther Ireland, deceased, and that the trustees of said church, or the trustee appointed by the court, be required to give a bond in twice the sum to be paid them, conditioned for the faithful performance of their duties as such trustees or trustee. To reverse such decree, appellants, certain heirs to Esther Ireland, deceased, prosecute this appeal.

The Baptist Church at Old Town was organized as a religious society prior to the year 1858, but it does not appear that the requirements of the statute concerning the incorporation of religious societies were ever complied with. Notwithstanding, the Baptist Church at Old Town was never incorporated, trustees elected by the members of that society were qualified to take gifts of property by will or deed and hold the same in trust for the benefit of the members of the society. Alden v. St. Peter's Parish, 158 Ill. 631; Marie M. E. Church v. Trinity Church, 205 Ill. 601; Christian Church v. Church of Christ, 219 Ill. 503. By the terms of the will, the testatrix directed the sale of the real estate, and the bequest to the trustees of the Baptist Church at Old Town was of the proceeds of such sale. The bequest, therefore, must be held to be a bequest of money and not a devise of land. Eng. v. Cooper, 183 Ill. 203; Lash v. Lash, 209 Ill. 595. Upon the death of Esther Ireland the bequest to the trustees of the Baptist Church at Old Town vested in such trustees. At that time the religious society known by that name was under the ministration of a regular pastor and religious services were held in the church building belonging to the society. Of the trustees elected by the members from time to time during

the period while such religious services were so held, one, Francis Webber, still survives and after the filing of the original bill the ten surviving members of the same society met and elected the trustees of the society.

It is insisted on behalf of appellants that the decree of the Circuit Court can only be affirmed by the *cy pres* doctrine, as the same is enforced by courts of equity, and it is urged that the *cy pres* doctrine is not applicable to the charitable trust here involved. *Cy pres* is a rule of construction applied to a will by which, where the testator evinces a particular and a general intention and the particular intention cannot take effect, the word shall be so construed as to give effect to the general intention. 1 Bouv. 418; Mills v. Newberry, 112 Ill. 123. It has also been held that the *cy pres* doctrine is not available to change the object or place of the donation. Gilman v. Hamilton, 16 Ill. 225; Henser v. Harris, 42 Ill. 425.

The insistence by appellants that the gift to the trustees of the Baptist Church at Old Town must be held to have lapsed, is predicated solely on the contentions that the religious society known by that name has dissolved and gone out of existence, and that the church building in which the society formerly assembled to engage in religious worship has become so delapidated and unfit for the uses for which it was intended that it is impossible or impracticable to carry out the intention of the testatrix as expressed in her will.

The evidence supports the findings of the chancellor with respect to the condition of the church building, the diminished number of the church membership, and the failure of the members to hold religious services in the church building, but such findings are not of themselves sufficient to justify a court of equity in holding that the purposes of the trust have wholly failed, nor do they necessitate an application of the *cy pres* doctrine, to sustain the bequest here involved.

The bequest is to the trustees of the religious so-

ciety named, to the end that the preaching of the gospel and the conduct of religious services might be supported for the benefit of the members of such society. If the building had been destroyed by fire or other casualty and there remained members of the society to whom the gospel might be preached, and who might choose to engage in religious services, nevertheless the bequest to the trustees of the society would be available for the purposes of the trust at the place designated. It may well have been contemplated by the testatrix that the membership of the society might become so diminished in numbers that the financial support of religious services would be burdensome upon the survivors; that the church building then in use as a place of worship by the society might become out of repair and unfit for its purpose and that in the absence of permanent financial aid the society might be dissolved. To prevent such result the bequest was doubtless made.

By the terms of the will the income from the trust fund is made available as well for the making of needed repairs to the church building as for maintaining the ministration of the Word, and the trustees may rightfully use such income for that purpose.

The evidence shows that ten or eleven members of the religious society still survive and that they have recently elected three of their number trustees for the society. It does not appear that the members of the society have no disposition or intention to continue its organization for the purpose of holding religious services, when a suitable place is provided for that purpose, nor does it appear that the members have taken any affirmative action to dissolve the society.

It may be conceded that the will in question evinces no general intention on the part of the testatrix to make a gift to charity, but rather that the will expresses a particular intention to make a gift for a specific purpose to be effectrated at a particular place. The decree of the Circuit Court does not construe the will according to the *cy pres* doctrine, but in accordance

with the expressed intention of the testatrix, and the trust thereby created is directed to be executed specifically as therein provided. Whether the charitable trust created may be executed *cy pres* is not now here involved.

If it shall hereafter appear that the trust cannot be executed in accordance with the expressed intention of the testatrix, the question will be directly presented whether the trust shall be executed *cy pres*, or whether the bequest creating such trust shall be held to have lapsed.

Upon the record now before us the decree of the Circuit Court is right and will be affirmed.

*Affirmed.*