## The Rock River Conference et al., Plaintiffs in Error, v. Trinity Methodist Episcopal Church of Chicago, Defendant in Error.

## Gen. No. 20,761.

RELIGIOUS SOCIETIES, § 30*—*when use of property not interfered with.* A bill to restrain the Trinity Methodist Episcopal Church of Chicago from interfering with W., one of the complainants, in occupying as a parsonage and conducting religious worship in M. Chapel in accordance with the discipline and laws of the Methodist Episcopal Church, alleged that the defendant was a religious corporation in the boundaries of the R. Conference of the Methodist Church; that M. Chapel was erected by the Trustees of Trinity Church on property which had been conveyed to them and was dedicated according to the discipline of the Methodist Church; that thereafter M. Chapel was incorporated as a religious corporation; that the latter corporation was situated in the boundaries of the R. Conference; that the Presiding Bishop, at a session of the R. Conference, appointed complainant W. pastor of M. Church and said

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The Rock River Confer. v. Trinity M. E. Church, 192 Ill. App. 204.

W. thereafter used the building for a parsonage and for religious worship according to the Methodist discipline until he was evicted by defendants, and prevented from entering. *Held*, that the title to the real estate on which M. Chapel was situated was in the Trustees of Trinity Church and that no facts are alleged from which a constructive or resulting trust arises in favor of M. Church, and that the manner in which the trustees devoted the property to religious uses could not be controlled by the R. Conference nor by the Presiding Bishop, even though the property had been conveyed to the trustees for religious purposes.

Error to the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 29, 1915.

BRUNDAGE, LANDON & HOLT, for plaintiffs in error.

EDDY, WETTEN & PEGLER and JASPER F. ROMMEL, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The bill in this case was filed by the Rock River Conference, a corporation, William F. McDowell, James M. Wheaton and Harry M. Dunn against the Trinity Methodist Episcopal Church of Chicago, a corporation, to restrain the defendants from interfering with complainant Wheaton in occupying as a parsonage a portion of the second floor of the building known as the Marie Chapel, and from conducting religious worship in the auditorium of said building in accordance with the discipline and laws of the Methodist Episcopal Church. A demurrer to the bill as amended was sustained, the bill dismissed for want of equity and complainants appealed.

The bill alleges that Trinity Methodist Episcopal Church is a religious corporation organized under the laws of Illinois, and is one of the Methodist churches within the boundaries of the Rock River Conference; that there was conveyed in 1885 to the Trustees of the

Trinity Church a certain lot in Chicago; that in 1885 there was erected under the supervision of the Trustees of Trinity Church a building on said lot; that a mission was conducted in said building for a time; that in October, 1885, an auditorium in said building was dedicated in accordance with the discipline of the Methodist Episcopal Church; that in 1901 said Marie Methodist Chapel was incorporated as a religious corporation under the laws of Illinois; that said Marie Church is within the boundaries of the Rock River Conference, and that in October, 1913, complainant McDowell, the Presiding Bishop at a session of the Rock River Conference, appointed complainantWheaton pastor of the Marie Methodist Episcopal Church for the ensuing year; that Wheaton took possession of certain living rooms in said building and occupied them as a parsonage, and conducted religious services in another portion of said building until November 5, 1913, when he was evicted by the defendants from the rooms occupied by him as a parsonage, and the auditorium closed and locked against him.

The real estate in question was, as has been said, conveyed to the Trustees of Trinity Church. The bill does not allege that there was any conveyance of the real estate to the Marie Church, and alleges no facts from which a constructive or resulting trust arises in favor of that Church. *Marie M. E. Church v. Trinity M. E. Church*, 253 Ill. 21; *Marie Church v. Trinity Church*, 205 Ill. 601.

The distinction between a Methodist church and a Methodist church building is to be kept in mind. In the words of the Methodist discipline; ''The visible Church of Christ is a Congregation of faithful Men in which the pure Word of God is preached and the sacraments duly administered according to Christ's ordinance in all those things that are of necessity requisite to the same.'' The church edifice is a place of

worship for the members of the "visible church." It was the Marie Church, the congregation or society, that was incorporated, and it was to the Marie congregation or society that Bishop McDowell sent Mr. Wheaton as their preacher. It was for the trustees or the proper officers of the congregation or society to provide a meeting place for the congregation or society and a parsonage for the preacher, if one was to be provided. The Marie congregation or society had no property right, legal or equitable, in the portion of the building which the preacher had theretofore occupied as a parsonage, nor in the auditorium in which he had conducted religious worship. Admitting that the property was to be held by the Trustees of Trinity Church for religious purposes, it was for the trustees, not for the Rock River Conference, Bishop McDowell, Mr. Wheaton or the Marie congregation or society to determine in what manner the property or its income should be devoted to a religious use.

In *Brunnenmeyer v. Buhre,* 32 Ill. 183, the title to the church building was vested in the trustees of the society for the use of the society.

In *Whitecar v. Michenor,* 37 N. J. Eq. 6, the defendant trustees held the church building in trust for the use of the congregation or society, a Methodist congregation, and it was held that the Bishop had the right to appoint a preacher for the society and the trustees were bound to open the building to the preacher and the church.

In *Fuchs v. Meisel,* 102 Mich. 357, the trustees held the church building in trust for the congregation or society, and an injunction was issued in that case to prevent the trustees from closing the church building against the regularly appointed pastor. In each of the cases above cited, which are relied upon by plaintiff in error, the title to the church building was vested in the trustees of the society for the use of the so-

208 . APPELLATE COURTS OF ILLINOIS.

G. W. O. R. & P. L. Co. v. C., M. & St. P. Ry. Co., 192 Ill. App. 208.

ciety. In this case the title was vested in the Trustees of Trinity Church to be held by them for religious purposes.

Our conclusion is that the facts stated in the bill as amended do not show that the complainants are entitled to the relief or any part of the relief demanded by the bill, and that the demurrer to the bill was properly sustained and the bill dismissed for want of equity.

The decree of the Superior Court is affirmed.

*Affirmed.*