(No. 39656.—

THE PEOPLE *ex rel.* Glen Totten, Appellant, *vs.* MAX P. FRYE, WARDEN, Appellee.

*Opinion filed May 29, 1968.*

GLEN TOTTEN, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLARD C. PEARCE, State's Attorney, of Fairfield, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The petitioner, Glen Totten, on July 31, 1959, appeared with counsel in the circuit court of Wayne County, waived indictment and entered a plea of guilty to a criminal information charging him with the crime of robbery while armed with a dangerous weapon. He was sentenced to the penitentiary for a term of 5 to 25 years. The circuit court of Wayne County dismissed Totten's petition for a writ of *habeas corpus,* and, appearing *pro se,* he has appealed to this court from the judgment of the circuit court.

The petitioner protests that the criminal information to which he pleaded guilty was defective in that it failed to cite the statutory provision alleged to have been violated by the petitioner and failed to conclude with the formal language, "Against the peace and dignity of the same [People of the State of Illinois]" as was then prescribed

by section 33 of article VI of the Illinois constitution of 1870.

The information so far as is pertinent alleged that "Glen Totten, on the 29th day of July, in the year of our Lord one thousand nine hundred and fifty-nine, and within the said county of Wayne in the State of Illinois, aforesaid then and there being a male person of the age of sixteen years and upwards, to wit: nineteen years, did wilfully, maliciously and forcibly in and upon one, Harold Lee Ash, feloniously making an assault, the said Glen Totten being then and there armed with a dangerous weapon, to wit: an automatic pistol, and the said Harold Lee Ash in bodily fear and danger of his life then and there feloniously did put, One Hundred Sixty Seven Dollars ($167.00), good and lawful money of the United States of America, which the said Harold Lee Ash was then and there lawfully possessed, then and there feloniously and violently did rob, steal and carry away."

A pertinent statute then in force (Ill. Rev. Stat. 1959, chap. 38, par. 716) provided that an indictment should be deemed sufficient when it states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the charge might be easily understood. Also, the then effective section 9 of division XI of the Criminal Code provided that matters not affecting the real merits of the offense charged, *i.e.,* formal defects, were to be deemed waived if not excepted to prior to trial. Ill. Rev. Stat. 1959, chap. 38, par. 719.

The statute defining robbery at the time concerned provided: "Robbery is the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation." (Ill. Rev. Stat. 1959, chap. 38, par. 501.) If a person had committed the offense while armed with a dangerous weapon, this constituted a fact in aggravation. (Ill. Rev. Stat. 1959, chap. 38, par. 501.) The information here, though awkwardly composed,

adequately charged that Glen Totten, the petitioner, on a specified date in Wayne County feloniously, violently and forcibly robbed one Harold Lee Ash of $167 while armed with a dangerous weapon, to wit: an automatic pistol. It alleged all of the elements of the crime of robbery while armed with a dangerous weapon. (*Cf. People* v. *Carter,* 410 Ill. 575, *People* v. *Carpenter,* 315 Ill. 87.) We deem that the information was not void as the petitioner contends, and it adequately advised the petitioner of the particular charge of armed robbery so that he was enabled to offer a defense, if any, and be protected against future jeopardy. The trial court had jurisdiction of the subject matter and of the person of the petitioner.

The omissions complained of by the petitioner relate to the technical sufficiency of the information and not to the essential matter of charging an offense. The technical sufficiency of an indictment or information is not a proper subject for determination in a *habeas corpus* proceeding. (*People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590; *People ex rel. Courtney* v. *Prystalski,* 358 Ill. 198; *People ex rel. Ross* v. *Becker,* 382 Ill. 404, 410; *People ex rel. Buchalter* v. *Ragen,* 397 Ill. 515.) The remedy of *habeas corpus* is not available to raise claimed errors of a non-jurisdictional nature which occurred during the original proceedings in the trial court and which, if established, could not render the trial court's judgment void but only erroneous and voidable. (*People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590; *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453, 456-7.) As we expressed it in *People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590: "a court has jurisdiction in a *habeas corpus* proceeding to direct a release from custody only where the original proceeding or judgment of conviction was void or where something has happened since the detention for rendition of the judgment to entitle the prisoner to his release. (*People ex rel. Wiseman* v. *Nierstheimer,* 401 Ill. 260; *People ex rel. Castle* v. *Spivey,*

10 Ill.2d 586.)" Additionally, it is to be observed that the petitioner, by his plea of guilty, waived defects in the information which were not jurisdictional in nature and hence did not render the information void. *People* v. *Reed,* 33 Ill.2d 535, 538-9; *People* v. *Jackson,* 23 Ill.2d 475; see *People* v. *Temple,* 2 Ill.2d 266, 276.

Accordingly, the judgment of the circuit court of Wayne County dismissing the petition for *habeas corpus* is affirmed.

*Judgment affirmed.*