THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GUY ROBERT WOODS, Defendant-Appellant.

(No. 72-54; 

Fifth District—November 6, 1973.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, and Earl Millard, Jr., Senior Law Student, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro, (John E. Evans, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from his conviction of theft in the Circuit Court of Montgomery County, wherein he pled guilty to the crime of theft and was sentenced to not less than two nor more than five years in the State penitentiary. He contends that the theft indictment was void and the sentence imposed was excessive.

■■ A valid indictment must state the elements of the crime charged and apprise the defendant of enough facts to enable him to prepare a defense and to protect him from double jeopardy (Section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 111—3); *People v. Wilson*, 24 Ill.2d 598, 182 N.E.2d 683; *People v. Shelton*, 42 Ill.2d 490, 248 N.E.2d 65). The indictment in this case charged:

> "That on the 24 [*sic*] day of November, 1971 * * * Guy Robert Woods committed the offense of Theft at St. Mary's Catholic Church, Litchfield, Montgomery County, Illinois in that he did then and there at the aforesaid time and place knowingly obtain unauthorized control over property belonging to another, to-wit: One (1) P.A. System and three microphones belonging to St. Mary's Catholic Church of the value of * * * $635.00 with intent to permanently deprive the owner, to-wit: St. Mary's Catholic Church of the use and benefit of said property in violation of Chapter 38, Paragraph 16—1, Ill. Rev. Stat. * * *."

■■ By pleading guilty a defendant waives all defects in an indictment that are not jurisdictional. (*People v. Reed*, 33 Ill.2d· 535, 213 N.E.2d 278, appeal dismissed 385 U.S. 10, 87 S.Ct. 68, 17 L.Ed.2d 9, rehearing denied 385 U.S. 964, 87 S.Ct. 390, 17 L.Ed.2d 310; *People ex rel. Totten v. Frye*, 39 Ill.2d 549, 237 N.E.2d 709.) However, if an indictment fails to charge an offense it is void; such a defect cannot be waived by a guilty·plea since in effect the court never obtained jurisdiction. *People ex rel. Ledford v. Brantley*, 46 Ill.2d 419, 263 N.E.2d 27.

Clearly, the indictment in this case recited the bare elements of theft, *i.e.*, that defendant knowingly obtained unauthorized control over property belonging to another with intent to permanently deprive the owner of the use and benefit of the property. However, defendant contends that the indictment did not charge an offense, alleging that St. Mary's Catholic Church is only the name of a building in Litchfield, Illinois and is not an entity that can "own" property. With special reference to sec-

tions 2—15, 15—2 and 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, pars. 2—15, 15—2, 16—1), we find this contention to be without merit. Section 16—1 of the Criminal Code of 1961 proscribes the taking of property from the "owner". Section 15—2 of the Criminal Code of 1961 defines "owner" as a "person, other than the offender who has possession or any other interest in the property involved." Section 2—15 of the Criminal Code of 1961 defines "person" as "an individual, public or private corporation, government, partnership, or unincorporated association." Clearly, theft of property in the possession of an unincorporated association is proscribed by the Illinois Criminal Code.

■■ The word "church" can mean many things including, as defendant alleges, a building. (7 *Words & Phrases* (Church), 1, 193.) However, within the context of the indictment, "church" had a broader meaning. "St. Mary's Catholic Church, Litchfield, Montgomery County, Illinois" not only denoted the site of the theft but also denoted an association of people constituting the congregation of a single place of worship of a particular denomination. (66 Am.Jur.2d (Religious Societies) par. 1, p. 756; *Rock River Conference v. Trinity Methodist Episcopal Church of Chicago,* 192 Ill.App. 204, 206.) Because it was not alleged in the indictment that St. Mary's Catholic Church was incorporated, it is assumed that it was an unincorporated association, but nonetheless a person within the context of the Illinois Criminal Code. The Religious Corporations Act of 1872 supports the common sense conclusion that an unincorporated church can possess, *i.e.,* control and use, property. Sections 41 and 46(a) of the Religious Corporations Act of 1872 contemplate a transfer of church property to a newly formed religious corporation. (Ill. Rev. Stat. 1971, ch. 32, par. 170, 176.) An underlying premise of these sections is that a church *qua* unincorporated association can use, control, and benefit from its property, which amounts to a possessory interest. In conclusion, because St. Mary's Catholic Church was an entity capable of possessing property, the indictment stated an offense and the allegation of ownership was sufficient to enable the defendant to protect himself from double jeopardy.

■■ Defendant argues that the property in fact was owned by Bishop William O' Connor, Prelate of the Diocese of Springfield and not by St. Mary's Catholic Church; therefore, defendant concludes, the indictment was inaccurate and invalid. This argument is without merit. Assuming that legal title to the property was in the bishop, possession of the property in question was in an unincorporated association, to-wit: St. Mary's Catholic Church. By statutory definition, theft is an offense against possession and not necessarily against legal title. One entity can have possession of a thing and another can have legal title to it. (Ill. Rev.

224

Stat. 1971, ch. 38, par. 15—2, 16—1.) A theft indictment need not allege the legal title holder as "owner", but it must allege an entity capable of possession as "owner". *People ex rel. Insolata v. Pate,* 46 Ill.2d 268, 263 N.E.2d 44; *People ex rel. Ledford v. Brantley,* 46 Ill.2d 419, 263 N.E.2d 27.

■■ Defendant further contends that his sentence was excessive, relying on section 8—2—4 of the Unified Code of Corrections. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4, eff. Jan. 1, 1973.) Defendant is correct insofar as his minimum sentence is in excess of that which may now be imposed for theft, a Class 3 felony in this case. (Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 12—4, 1005—8—1(b)(4).) Accordingly, we hold the defendant may avail himself of the Illinois Unified Code of Corrections because his direct appeal was not finally adjudicated as of the effective date of that statute. (*People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1; *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) We affirm the judgment of the Circuit Court of Montgomery County, but remand this cause with directions to resentence the defendant in accordance with the views herein expressed.

Judgment affirmed, remanded for resentencing.

EBERSPACHER, P. J., and JONES, J., concur.