(No. 39929.—

The People *ex rel.* Charles Skinner, Appellant, *vs.* Ross V. Randolph, Warden, Appellee.

*Opinion filed November 14, 1966.*

Charles Skinner, *pro se,* appellant.

William G. Clark, Attorney General, of Springfield, for the appellee.

Mr. Justice House delivered the opinion of the court:

Charles Skinner, whose conviction of murder was affirmed by this court in 1947 on writ of error, (*People* v. *Skinner,* 397 Ill. 273,) now appeals from an order dismissing a petition for a writ of *habeas corpus.* His contentions are: (1) that the incompetency of two counsel appointed to defend him, and the lunacy of one such counsel, denied him a fair and impartial trial; (2) that a prison rule

deprived him of his constitutional right to a timely review; (3) that improper evidence was admitted; and (4) that the murder indictment was defective.

Due. to limitations imposed by the legislature in the Habeas Corpus Act, particularly section 22, (Ill. Rev. Stat. 1965, chap. 65, par. 22,) it has long been held in this State that a court has jurisdiction in a *habeas corpus* proceeding to direct a release from custody only where the original proceeding or judgment of conviction was void or where something has happened since the detention for rendition of the judgment to entitle the prisoner to his release. (*People ex rel. Wiseman* v. *Nierstheimer,* 401 Ill. 260; *People ex rel. Castle* v. *Spivey,* 10 Ill.2d 586.) Mere errors or irregularities, which only render the proceeding voidable and are of nonjurisdictional nature, are not grounds for relief on writ of *habeas corpus.* (See: *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453, where it was held a claim of a denial of the constitutional right to counsel could not be determined on writ of *habeas corpus; People ex rel. Downer* v. *O'Brien,* 373 Ill. 383, holding the technical sufficiency of an indictment or information is not subject to consideration in a *habeas corpus* proceeding.) As was said in *People ex rel. Georgetown* v. *Murphy,* 202 Ill. 493, 497-498.: "* * * 'a person imprisoned under the sentence of a court having jurisdiction of the subject matter and the person of the defendant, and power to render the judgment, cannot be discharged on *habeas corpus* because of irregularities in the proceedings under which he is convicted, his remedy in such cases being by writ of error.'" (See also: *People ex rel. Ross* v. *Becker,* 382 Ill. 404, 410.) We hold that the matters raised by petitioner were not proper for determination in a *habeas corpus* proceeding, and that the trial court properly dismissed his petition.

Before affirming the order of the trial court we are constrained to point out that the most substantial of the

petitioner's claims, namely, that the incompetency of his counsel deprived him of due process of law, has been thoroughly adjudicated and determined against him in a *habeas corpus* proceeding in a Federal district court. See: *United States ex rel. Skinner* v. *Robinson,* (1952, D.C. Ill.,) 105 F. Supp. 153.

The order of the circuit court of Lee County dismissing the petition for writ of *habeas corpus* is affirmed.

*Order affirmed.*