(No. 40449.—

THE PEOPLE *ex rel.* Darrel F. Haven, Appellant, *vs.* STAN-LEY A. MACIEISKI, Warden, Appellee.

*Opinion filed November 30, 1967.*

DARREL F. HAVEN, *pro se.*

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In 1965 the petitioner, Darrel F. Haven, waived indictment and entered a plea of guilty to an information filed in the circuit court of Macon County which charged him with the crime of aggravated battery. He was sentenced to the penitentiary for a term of not less than 7 nor more than 10 years. His petition for a writ of *habeas corpus,* filed November 16, 1966, was dismissed without an evidentiary hearing and without the appointment of counsel, and he has appealed to this court from the judgment dismissing the petition.

The *habeas corpus* petition alleged that the injuries to the petitioner's infant stepdaughter, out of which the aggravated battery charge arose, resulted from an unfortunate

accident, and that facts demonstrating that the child was accidentally injured were known to the State's Attorney but withheld from the court. The petition also alleged that the petitioner was told that bail would not be granted until he had made a confession, and that if he pleaded guilty he would be given probation. It further alleged that the petitioner was led to believe that his signed statement admitted only that he was at fault in an accident, and that he did not realize that he was admitting that he was guilty of the crime of aggravated battery.

The General Assembly has provided a remedy by which a prisoner may assert a claim that his conviction was obtained in violation of his constitutional rights. In a post-conviction proceeding under article 122 of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, art. 122), the petitioner is entitled to the appointment of counsel, and to an evidentiary hearing if his post-conviction petition alleges facts that show a violation of his constitutional rights. But this court has uniformly held that the remedy of *habeas corpus* is not available to review alleged errors of a non-jurisdictional nature, even though they involve a claim of denial of constitutional rights. (*People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, allegation of incompetence of appointed counsel; *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453, allegation of denial of counsel of the prisoner's choice.) In the present case it is not alleged that the circuit court of Macon County lacked jurisdiction over the subject matter or the person of the petitioner and there is no claim that any event has occurred since the judgment of conviction by which the petitioner has become entitled to his discharge. (See, Ill. Rev. Stat. 1965, chap. 65, par. 22.) While the trial court could properly have disregarded the *habeas corpus* label, and treated the document as a post-conviction petition, it was not required to do so, and its judgment dismissing the *habeas corpus* petition was not erroneous.

*Judgment affirmed.*