(No. 41443.—)
THE PEOPLE *ex rel.* Charles Edward Lewis, Appellant, *vs.*
MAX P. FRYE, Warden, Appellee.

*Opinion filed January 29, 1969.—Rehearing denied March 25, 1969.*

CHARLES EDWARD LEWIS, *pro se.*

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Charles Edward Lewis, pleaded guilty to two charges of incest on May 9, 1961. On January 6, 1966, he filed a petition for a writ of *habeas corpus* in the circuit court of Union County, claiming that numerous violations of constitutional rights invalidated his convictions and hence he was detained unconstitutionally in the penitentiary. On May 19, 1966, after a hearing at which Lewis was represented by court-appointed counsel, the court granted the State's motion to deny the petition for a writ of *habeas corpus.* He has now appealed, *pro se,* to this court. Ill. Rev. Stat. 1967, ch. 110A, par. 302(a)(3).

The appellant presents here substantially the arguments offered in support of his petition for the writ in the circuit court. He complains his rights to due process and equal protection of the laws were disregarded in that, *inter alia,* he was insane when he pleaded guilty and the State's Attorney knew of such insanity. Claim that effective assistance of counsel was denied and other allegations of constitutional deprivation are also asserted.

We have consistently held that a court has jurisdiction to direct the release of a prisoner on *habeas corpus* only where the judgment of the original trial court was void, *viz.*, rendered by a court lacking jurisdiction of the subject matter or the person of the defendant, or where there has been some occurrence subsequent to his conviction which entitles the prisoner to release. (*People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590; *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453, 456-7; and see Ill. Rev. Stat. 1967, ch. 65, par. 22.) The remedy of *habeas corpus* is not available to review errors of a nonjurisdictional nature, though they involve claims of denial of constitutional rights. (*People ex rel. Haven* v. *Macieiski,* 38 Ill.2d 396, 398; *People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590.) Supplementing the relief available through an appeal, the General Assembly has provided a remedy of review under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122 *et seq.*) specifically for one claiming that conviction was obtained in violation of his constitutional rights. While the trial court could have treated the petition here as a petition under the Post-Conviction Hearing Act and disregarded its designation as one for a writ of *habeas corpus*, it was not required to do so. *People ex rel. Haven* v. *Macieiski,* 38 Ill.2d 396, 398.

Accordingly, we affirm the order of the circuit court dismissing the petition for writ of *habeas corpus*.

*Order affirmed.*