(No. 41644.—

THE PEOPLE *ex rel.* Robert S. Shelley, Appellant, *vs.* MAX P. FRYE, Warden, Appellee.

*Opinion filed March 27, 1969.*

ROBERT S. SHELLEY, *pro se.*

Mr. Justice Ward delivered the opinion of the court:

On July 19, 1968, the appellant, Robert S. Shelley, who is confined in the prison at Menard, filed a petition for a writ of *habeas corpus* in the circuit court of Randolph County. The petition claimed that the appellant was denied rights under the first amendment to the United States constitution through the refusal of the prison officials to allow him to correspond with a married woman who was separated from her husband. The circuit court denied the petition and there has been an appeal to this court pursuant to our Rule 302(a). Ill. Rev. Stat. 1967, ch. 110A, par. 302(a).

The legislature has limited the powers of the courts in this State in *habeas corpus* proceedings. Ill. Rev. Stat. 1967, ch. 65, par. 22; see also *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453.

This court has often said that under these limitations the remedy of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of an original trial court which lacked jurisdiction of the subject matter or the person of the defendant, or where there has been some occurrence subsequent to the prisoner's conviction which entitles the prisoner to release. (See *People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590; *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453; *People ex rel. Titzel* v. *Hill,* 344 Il. 246.) *Habeas corpus* is not available to review claims of a nonjurisdictional nature, though they may involve claims of a denial of constitutional rights. (*People ex rel. Lewis* v. *Frye, ante,* at p. 58; *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453.) The appellant does not question the validity of his incarceration. (See Ill. Rev. Stat. 1967, ch. 65, pars. 21, 22.) Accordingly, we find no error in the trial court's denial of the appellant's petition for a writ of *habeas corpus.* The judgment of the Randolph County circuit court is affirmed.

*Judgment affirmed.*