(No. 43017.—■■■■■■■■)
THE PEOPLE *ex rel.* Otis St. George, Appellant, *vs.* JOSEPH
I. WOODS, Appellee.

*Opinion filed December 4, 1970.*

STANLEY A. BASS, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

On March 11, 1970, the appellant, Otis St. George, who was confined in the Cook County jail awaiting a preliminary hearing on a charge of aggravated battery, filed a petition for a writ of *habeas corpus* in the circuit court of Cook

County. The petition alleged that the appellant was a duly registered and qualified Cook County elector, that the Illinois legislature had made no provision for absentee voting for persons in appellant's situation (Ill. Rev. Stat. 1969, ch. 46, pars. 19—1 to 19—3; see *McDonald* v. *Board of Election Commissioners of Chicago*, 394 U.S. 802, 22 L. Ed. 2d 739, 89 S. Ct. 1404), and that the Board of Election Commissioners had expressly refused appellant's request to provide special polling booths or other suitable facilities in the jail so that the appellant could vote in a primary election that was to be held on March 17, 1970. A previously filed motion for the appellant's release from custody on his own recognizance or, alternatively, for reduction in bond, to enable the appellant to vote in the described election, had been denied. Declaring that the appellant was unable to post bond in the amount set by the court, $5,000, the petition requested the issuance of a writ of *habeas corpus* to allow the temporary release of the appellant on March 17, 1970, on his own recognizance or, somehow, under a reduced bond and, in the alternative, requested guarded transportation of the appellant to the polls. Unless the relief requested was granted, the petition claimed, the appellant would be unconstitutionally precluded from voting, in violation of due process and the equal protection clauses of the fourteenth amendment to the constitution of the United States. The State filed a motion to dismiss and the circuit court of Cook County, after a hearing, dismissed the petition. Constitutional questions give this court jurisdiction on direct appeal. Ill. Rev. Stat. 1969, ch. 110A, par. 302(a).

We are unable to reach the merits of the appellant's claims of constitutional deprivation. The powers of State courts in *habeas corpus* proceedings have been circumscribed by the legislature (Ill. Rev. Stat. 1969, chap. 65, par. 22). As we emphasized in *People ex rel. Shelley* v. *Frye*, 42 Ill.2d 263, 264: "The court has often said that

under these limitations the remedy of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of an original trial court which lacked jurisdiction of the subject matter or the person of the defendant, or where there has been some occurrence subsequent to the prisoner's conviction which entitles the prisoner to release. (See *People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590; *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453; *People ex rel. Titzel* v. *Hill,* 344 Ill. 246.)" A review of claims which are nonjurisdictional in nature is not available by means of *habeas corpus,* even though a denial of constitutional rights is claimed. (*People ex rel. Lewis* v. *Frye,* 42 Ill.2d 58; *People ex rel. Shelley* v. *Frye,* 42 Ill.2d 263.) Here, the jurisdiction of the circuit court is not challenged. Too, it is true that though an order denying bond or setting bond in an amount claimed to be unreasonable may be reviewed by *habeas corpus* (*People* v. *Harris,* 38 Ill.2d 552, 555; *People ex rel. Sammons* v. *Snow,* 340 Ill. 464), consideration will be limited to the issue of the denial or setting of bond in relation to the offense charged. The appellant's petition did not quarrel with the bond set in this sense. Because of the restricted scope of the Habeas Corpus Act, the circuit court's dismissal of the petition for a writ of *habeas corpus* was not error.

Appealing though the subject matter of the petition may be, we must hold that the relief sought could not be granted in the proceeding brought. In view of the disposition we make, we obviously need not consider the State's other argument that the appellant's question has become moot.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*