THE PEOPLE *ex rel.* THOMAS JOHNSON, Petitioner-Appellant, *v.* SHERIFF OF COOK COUNTY *et al.*, Respondents-Appellees.

(No. 56594; )

First District—April 7, 1972.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Arthur Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This appeal, transferred from the Supreme Court, is from the dismissal of a petition for a writ of *habeas corpus.*

On May 21, 1970, petitioner filed a *pro se* petition alleging that his

conviction, after a plea of guilty, on a reduced charge of deceptive practices, was void since he was neither represented by counsel nor advised of his right to counsel on the date that he entered his plea of guilty; that he was thereby deprived of his constitutional rights to due process and equal protection of the law and should be discharged from custody.

The public defender was appointed to represent petitioner in regard to the instant petition, and after a hearing on the State's motion to dismiss, the petitioner's request for a writ of *habeas corpus* was denied and the petition dismissed. This appeal followed.

■■ In *People ex rel. Lewis v. Frye*, 42 Ill.2d 58, 60, 245 N.E.2d 483, 484, it was held that:

"The remedy of *habeas corpus* is not available to review errors of a nonjurisdictional nature, though they involve claims of denial of constitutional rights. * * * While the trial court could have treated the petition here as a petition under the Post-Conviction Hearing Act and disregarded its designation as one for a writ of *habeas corpus*, it was not required to do so."

The order dismissing the petition for a writ of *habeas corpus* is affirmed.

Order affirmed.

LORENZ, P. J., and ENGLISH, J., concur.