THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* TERRY D. COBB, Petitioner-Appellant.

(No. 72-111; )

Second District—December 20, 1972.

Paul Bradley, of Defender Project, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (Edward N. Morris, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On March 9, 1970, after a bench trial in the circuit court of Winnebago County the defendant, Terry D. Cobb, was convicted of the offenses of rape and aggravated kidnapping and sentenced to terms of 10 to 20 years in the penitentiary, to be served concurrently. Cobb was represented by the public defender at the trial.

On March 22, 1971, Cobb filed a *pro se* petition labeled a "petition of habeas corpus" wherein he asserted that (1) he should be moved to more suitable surroundings for the duration of his confinement; (2) he was entitled to a transcript of the evidence presented at his trial; (3) he was denied his right to trial by jury; (4) he was not given the *"Miranda"* warnings prior to his examination by certain psychiatrists; (5) he was denied effective assistance of counsel at his trial.

On April 5, 1971, the State moved to strike the petition on the grounds that it did not allege "* * * any fact or facts showing lack of jurisdiction by the trial court as to the person or subject matter as required under the Habeas Corpus Act * * *" or allege any facts which would warrant his discharge under the provisions of that Act. On April 30, the trial court appointed the public defender to represent Cobb with reference to his petition. On May 7, after a short hearing, the court granted the motion of the State to strike the petition for the reason that it failed to state any grounds for the issuance of a writ of *habeas corpus*. This appeal was prosecuted from that order.

■■ The defendant acknowledges that his *pro se* petition was defective, as a petition for a writ of *habeas corpus*, since it failed to allege any of the grounds enumerated in the Habeas Corpus Act that could be considered a basis for discharge. (Ill. Rev. Stat. 1969, ch. 65, sec. 22.) It is well settled that the remedy of *habeas corpus* is not available to review errors of a nonjurisdictional nature even though they involve a claim of a denial of a constitutional right. *People ex rel. Lewis v. Frye*, 42 Ill.2d 58, 245 N.E.2d 483, 484; *People ex rel. Skinner v. Randolph*, 35 Ill.2d 589, 590, 221 N.E.2d 279.

It is the contention of the defendant, however, that it was apparent that his petition was mislabeled, as a result of his ignorance of the technicalities of the law, and that his complaint should properly have been raised under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, sec. 122—1 *et seq.*) He contends further that his appointed counsel, if he had rendered effective assistance, would have ascertained the basis of his complaints and amended the petition into the appropriate legal form before their presentment to the court. Because of the failure of his counsel to do so, the defendant argues that he was deprived of his right to effective assistance and that, therefore, the order of the trial court

should be reversed and the cause remanded for further proceedings under the Post-Conviction Hearing Act.

The Post-Conviction Hearing Act does provide that counsel shall be appointed to represent indigent prisoners who request assistance and that a petition may be amended. (Ill. Rev. Stat. 1969, ch. 38, secs. 122—4, 122—5.) The Supreme Court has stated that the "* * * statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions." *People v. Slaughter,* 39 Ill.2d 278, 235 N.E.2d 566, 569.

■■ However, the cases hold that while a trial court may treat a petition designated as one for a writ of *habeas corpus* as a petition under the Post-Conviction Hearing Act, it is not required to do so. (*People ex rel. Lewis v. Frye,* 42 Ill.2d 58, 245 N.E.2d 483, 484; *People ex rel. Haven v. Macieiski,* 38 Ill.2d 396, 231 N.E.2d 433, 434.) The defendant maintains that even if the court was not required to consider his complaints as a post-conviction petition, his counsel was required to ascertain the real basis of his grievance and then properly amend his petition. While this argument is not without some logic, we feel that it begs the question.

■■ The trial court, as we have seen, was entitled to consider the petition as one brought for a writ of *habeas corpus.* For that purpose, it was clearly defective and properly stricken. If the complaints of the defendant should properly have been brought under a post-conviction petition, he is not precluded from so doing since the order of the trial court did not adjudicate the merits of his petition.

■■ The defendant also argues that the trial court should not have appointed the public defender to represent him in the presentation of his petition. His *pro se* petition did allege, *inter alia,* that he was not afforded "proper counsel to defend him in open court." Under these circumstances, the court should appoint counsel other than counsel that represented the petitioner at his trial to avoid any possibility of a conflict of interest. (*People v. Sigafus,* 39 Ill.2d 68, 233 N.E.2d 386, 388; *People v. Smith,* 37 Ill.2d 622, 230 N.E.2d 169, 170.) In this case the appointment of counsel was of no significance since the petition was dismissed without any determination of the issues raised in it.

For the reasons stated, the order of the trial court is affirmed.

Order affirmed.

T. MORAN and GUILD, JJ., concur.