The People of the State of Illinois, Plaintiff-Appellee, *v.* Calvin D. Hargrove, Defendant-Appellant.

(No. 11775; )

Fourth District—January 17, 1973.

Don P. Pioletti, of Eureka, for appellant.

No appearance for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Following the appointment of counsel and an evidentiary hearing, defendant's post-conviction petition was denied. His appeal was filed in the Supreme Court, and thereafter transferred to this court.

Defendant was originally charged with theft of 2000 pounds of copper wire of a value in excess of $150. He was arrested on such charge in September, 1965. Upon appointment of counsel he waived preliminary hearing and was released on bond. He failed to appear for arraignment in November, 1965. He was extradited from Ohio in 1967 and arraigned on May 17, 1967. He appeared in court with appointed counsel and following the admonitions of the court entered his plea of guilty. The record shows defendant's statement in open court that there were no threats

or promises made to induce the plea, and that he had been well treated while in custody at the local jail. In response to the court's statement concerning the admonition, the record shows defendant's statement, "I believe I fully understand the law and everything as far as this case is concerned". He then persisted in his plea. At a subsequent hearing of evidence in aggravation and mitigation, defendant introduced certain letters and testified concerning his records of felonies in other States. Sentence of three to ten years was imposed.

In 1968, defendant filed proceedings designated *habeas corpus*. Counsel was appointed and evidentiary hearing was held at which time defendant testified. The court then denied relief. Thereafter, in 1969, this proceeding in post-conviction was filed, which essentially realleges matters which had been pleaded and upon which evidence had been heard in 1968. The defendant testified and introduced testimony of such witnesses as he wished to call. It appears that there was a great number of witnesses at the later hearing than at the first.

The substance of the petition and defendant's testimony is that his plea was induced by "fear" that his "common-law wife" might be prosecuted by reason of her possible implication in a similar offense in another county. Upon his arrest in September, 1965, defendant was brought to Woodford County Jail on a Saturday morning. During the morning he made a written statement concerning the offense to which he pleaded guilty. It acknowledged the *Miranda* warnings. In the afternoon he made a further statement which "cleared" a number of similar thefts of copper wire made in various counties. So far as the record shows, there have been no prosecutions for such thefts.

While the "wife" was not implicated in the offense in Woodford County, he testified that as to making the second statement, he "feared" that she was implicated and would be prosecuted in another county. We have examined the record and find no testimony that there were any threats of prosecution of the wife in the absence of facts warranting such prosecution, and there appears to have been no threat of such.

The plea of guilty was entered some two years later, following extradition. There had been no prosecution of the "wife" and the existence of the confession was not referred to in the proceedings relating to the plea. The record does not show that the matter of the fear of the prosecution of the wife was mentioned to his attorney. Defendant says that he did not raise the issue at the time of the plea because he "feared" that his "wife" could be prosecuted because she was with him when he was a fugitive, and that despite express admonition he did not appeal following his plea because he believed his wife could be arrested. While defendant asserts the existence of his "fear", the record shows no facts suggsting

that such fear was improperly induced by the prosecutor or a law officer. Defendant does not assert the existence of threats to himself or to anyone else, and, in fact, stated the contrary to the court.

In this proceeding the trial court determined that the proceedings designated *habeas corpus* in 1968, had, in fact, been treated as a post-conviction proceeding with counsel and an evidentiary hearing as authorized in *People ex rel. Haven v. Macieiski*, 38 Ill.2d 396, 231 N.E.2d 433, and *People ex rel. Lewis v. Frye*, 42 Ill.2d 311, 247 N.E.2d 410, and that at such prior hearing the trial court necessarily determined that neither the confession nor the subsequent plea was coerced, so that defendant was not entitled to relitigate the issues by a second post-conviction proceeding. The court denied such relief.

■■ Defendant contends that the prosecution failed to prove the value of the 2000 pounds of copper wire, and that such evidence should have been introduced at the hearing in aggravation and mitigation. Since the conviction was upon a guilty plea, such proof is not required and is not a proper matter for consideration in post-conviction hearings. Similarly, his contention that he was intoxicated at the time of theft could not be considered in the light of a constitutional issue following a plea of guilty.

■■ Upon examination of the full record, the evidence sustains a determination that neither the confession nor the plea were coerced, and the judgment is affirmed.

Affirmed.

CRAVEN, P. J., and SMITH, J., concur.