THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY BUDZYNSKI, Defendant-Appellant.

(No. 71-373;

Second District—January 4, 1973.

Frank Wesolowski, Jr., Public Defender, of Wheaton, (Robert H. Heise, Deputy Public Defender, of counsel,) for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant was found guilty in a jury trial of the offenses of burglary and attempt theft. He was sentenced 1-5 years in the penitentiary by the court.

Two issues are raised by the defendant in this appeal, the first pertains to the admission of two photographs of the burglarized garage and certain snow tires; and the second issue is whether the court erred in entering judgment upon conviction of two offenses arising out of the same act, and for which one sentence was imposed.

The defendant and one Ben Wright drove to the premises of Mr. and Mrs. Elmo Fish on January 15, 1971, and backed their car into the driveway so that the rear of the car faced the doors of the garage. Prior to this date, police officers of Roselle and Bloomingdale had been alerted that certain snowmobiles were going to be stolen and the police had set up a surveillance of the premises. Two of the officers were in the Fish residence and three of the officers were in a trailer parked across the street from the Fish garage. On January 14, 1971, the police officers in the trailer observed the defendant and Ben Wright drive into the driveway. The defendant rang the door bell of the residence, both he and Ben Wright looked into the garage, then they drove away. On the morning of the 15th, the defendant, after the car was parked in the driveway, went to the front door of the Fish residence, rang the doorbell, and when no answer was received he went back to the garage. Three of the police officers in the camper trailer testified that they saw the defendant kick

open the garage service door. The two officers in the residence heard the sound of the door being kicked in. The police officers in the trailer observed the defendant and Wright then open the garage doors and pull a trailer, upon which there were two snowmobiles, partially out of the garage doors to the car of the defendant and his companion. Two of the officers testified that subsequent investigation by them showed that the trailer hitch on the snowmobile trailer did not match the ball on the trailer hitch on the car of the defendant and his companion. The officers then observed the defendant and Wright push the snowmobile trailer back into the garage and shut the door with an automatic door closer. At this time the two police officers came out of the residence, the three officers exited the trailer, and the defendant and his companion were arrested in the garage. Ben Wright was an informant for the police and had previously advised them that the snowmobiles were going to be stolen. The defendant was thereupon charged with burglary and attempt theft.

At the trial the defendant took the stand and testified that he had gone to the Fish residence for the purpose of looking at snow tires which he was going to buy if they were the right size. He testified further that he did not break down the service door to the garage, but that it was open. However, the police officers testified that they had tested this door approximately an hour before the attempted burglary and that the door was locked. The defendant further testified that the main garage doors were not open and that they did not move the snowmobile trailer. He testified that he was arrested outside the garage.

For some reason, the defendant testified additionally that he attended Harper Junior College and that he worked part time for the Clark Service Station in Roselle. The State produced the Registrar of Harper Junior College who testified that the defendant was not registered in Harper Junior College under the name of Henry Budzynski, nor was he registered under the name of Henry Mondie, a name which defendant said he used for registration. The owner of the Clark Service Station in Roselle testified that at no time did he employ Henry Budzynski in his service station. The defendant in rebuttal then took the stand and testified he substituted for people who worked in the gas station.

■■ The defendant does not contend that the verdict is against the manifest weight of the evidence. As has been said countless times before, it is the function of the jury to weigh the evidence and it is obvious herein that the jury chose to believe the testimony of the five police officers and did not believe the defendant.

■■ We consider first the alleged error of admitting People's Exhibits No. 5 and No. 6. These were photographs of the interior of the garage which were taken by Mr. Fish, the owner. Considerable testimony was

had relative to the position of the snow tires in the garage. This court fails to see the importance of this issue and further fails to see what bearing the location of the snow tires in the garage has to do with the guilt or innocence of the accused. It is admitted the snow tires were in the garage, both by the prosecution and and by the defense, and their location in the burglarized garage, in the opinion of this court, is immaterial. If there were any irregularity in the admission of these two small photographs it is not only of no significance, but would have, in this court's opinion, no prejudicial effect upon the jury.

■■ The second contention of the defendant pertains primarily to the judgment on the verdict of the jury finding the defendant guilty of both burglary and attempt theft of over $150. The defendant states properly that a defendant convicted of two charges arising out of the same "conduct" or "transaction" should under the present law of this State receive but one sentence, and that obviously for the greater of the two offenses.

■■ Since the case of *People v. Schlenger* (1958), 13 Ill.2d 63, 147 N.E.2d 316, many opinions have been written on the subject of two convictions arising out of the same "conduct" or "transaction." We have held in *People v. Rose* (1972), 7 Ill.App.3d 374, 287 N.E. 195, that where the defendant was sentenced for both forgery and theft, the sentences to run concurrently, that the conviction of the lesser offense should be reversed. We do not deem it necessary to cite other cases to this effect. However, in *People v. Brown* (1972), 52 Ill.2d 94, 285 N.E.2d 1, there was a conviction of rape and indecent liberties arising out of the same transaction. The trial court imposed one sentence but did not specify for which offense. The Supreme Court in *Brown* stated at page 99:

"\* \* \* we affirm the judgment of the trial court finding the defendant guilty of the offense of rape, and we modify the judgments of the trial and appellate courts to specify that sentence was entered for the crime of rape only."

In the instant case the trial court herein sentenced the defendant for the crime of burglary only. We therefore affirm the trial court.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.