THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SMITH *et al.,* Defendants-Appellants.

(Nos. 71-262—71-265 cons.;

Second District—January 22, 1973.

*Supplemental opinion upon rehearing filed April 25, 1973.*

Paul Bradley and Ralph Ruebner, both of Defender Project, of Elgin, for appellants.

William V. Hopf, State's Attorney, of Wheaton, (Malcolm F. Smith, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendants James Smith and Joseph Carter were jointly tried for the burglary of two buildings known as No. 73 and No. 75 and a con-

struction trailer in Itasca, Illinois, and for theft of property, both in excess of $150, and theft of property of a value less than $150. They were found guilty of burglary of building No. 73, guilty of burglary of building No. 75, guilty of theft from building No. 75 in excess of $150, and guilty of theft from the trailer. The trial court sentenced Carter to two concurrent terms of 8-10 years in the Illinois State Penitentiary for the burglaries only. The trial court sentenced Smith to two concurrent terms of 5-10 years in the Illinois State Penitentiary for burglary of building No. 73 and building No. 75 only. No sentences were imposed for the thefts.

On the night of September 26, 1970, police officers from the village of Itasca, observed a car parked with its lights out on the lawn of building No. 75 in the Central Manufacturing District. The hood and trunk of the car were open. The officers investigated, finding a passenger in the front seat and a female person standing near the car. Sergeant Andersen noticed one of the individuals was carrying a pipe wrench and saw the pipe wrench placed under the car. When the officers approached the car and looked in on the floor of the back seat area, they observed two pair of channel lock pliers, one construction hard hat and a hacksaw. Upon the officers' request, the female member of the party opened the trunk and inside the trunk the officers found a large orange metal box with tools inside and two boxes of sprinkler heads. These items were subsequently identified by employees of the Grinnell Company as having been located in the construction trailer belonging to the Grinnell Company. The pipe wrench was further identified as the property of the Grinnell Company; it had been in building No. 75. Upon investigation of building No. 75 Sergeant Andersen saw three or four orange metal boxes open and also observed numerous wrenches and tools stacked neatly near to an exit door which was close to the car. They further discovered that the window of the trailer was broken and that buildings No. 73 and No. 75 had been entered.

James Smith, one of the defendants, testified on his own behalf. He stated that on the evening of September 26, 1970, Joseph Carter came to him with an infected foot. A girl, known to them only as Pamela, offered to take them to the hospital in a car which belonged either to her or her boy friend. They went to Cook County hospital first and it was overcrowded. They then left for Aurora for another hospital known to Pamela. While proceeding north on Route 53 (which direction would take the defendants away from Aurora) the car overheated and they claimed to have turned around to go back to a gas station they had passed but before they could get there the car stopped entirely. The car was found parked in the Central Manufacturing District about 15 feet

from Route 53. They raised the hood and the trunk lid as a disaster signal and Smith removed the radiator cap. Smith, then walked to some bushes, about 10 or 15 feet from the car to urinate and was returning to the car when the police officers arrived. Smith also testified that he looked in the trunk of the car but that there was none of the stolen items in the trunk or back seat of their car.

At the conclusion of the trial, the jury found both Smith and Carter guilty of the burglary of buildings No. 73 and No. 75, and the thefts from building No. 75 and the construction trailer. The defendants were found not guilty of theft from building No. 73. This appeal was taken from the judgment on the verdicts.

■■ The defendants claimed that the evidence presented by the State was insufficient to prove the defendants guilty beyond a reasonable doubt. In support of this contention they have cited *People v. Magnafichi* (1956), 9 Ill.2d 169, 137 N.E.2d 256; *People v. Henkel* (1965), 60 Ill.App.2d 331, 208 N.E.2d 107; *People v. Evans* (1962), 24 Ill.2d 11, 179 N.E.2d 657; *People v. Malone* (1971), 1 Ill.App.3d 860, 275 N.E.2d 236. Each of these cases cited are distinguishable factually from the case before us. Based upon the facts, it is clear that the defendants were present at the scene, the buildings and trailer had been broken into, and they had possession of the stolen items.

■■ Defendants contend that the evidence was insufficient to prove that the passenger Carter was guilty as an accomplice primarily because of his injured foot. It is true that mere presence at the scene of the crime is not sufficient to convict a person as an accessory or accomplice. However, in the instant case the evidence indicates that Carter was not only present at the scene but gave the police officer a registration card with the name on it of "Earl Johnson." Likewise, the stolen goods were found in the trunk and back seat of the vehicle in which "Earl Johnson" (whose actual name is Joseph Carter) was sitting at the time the stolen goods were placed in the vehicle. The jury was properly instructed that unexplained possession of recently stolen merchandise may give rise to an inference of guilt. (*People v. Littleton* (1969), 113 Ill.App.2d 185, 252 N.E.2d 77.) The cases cited by defendants are not in point factually.

■■ The defendants next raise the question of the admission of exhibits 11, 12 and 13, which exhibits consisted of tools which had been found stacked near an exit door on the east side of building No. 75 but had not been removed from the building. Defendants cite *People v. Fontana* (1934), 356 Ill. 461, 190 N.E. 910 as authority. In *Fontana* the Supreme Court held that burglary tools found near the burglarized safe should not have been admitted in evidence. In that case, the only evidence connecting defendants with the burglary was circumstantial. In the

instant case, the defendants were found in possession of various other items taken from the buildings and the trailer, the building had been broken into, and the tools in question had been found stacked near the door obviously for removal thereof. However, the defendants were apprehended prior to the taking of these tools. Additionally, the three exhibits were introduced solely for the purpose of showing intent to commit a theft. It is expressly noted that a five foot pipe wrench in the possession of the defendants had already been taken from building No. 75. In these respects the instant case differs materially from *Fontana*. The exhibits complained of, being 11, 12 and 13, were properly admitted.

■■ The defendants contend that the State failed to disclose to defense counsel information in its possession favorable to the defendants in that the State did not call Pamela, the companion of the defendants at the time of the burglary. In support of this contention they have cited *People v. Divito* (1966), 66 Ill.App.2d 282, 214 N.E.2d 320. The instant case is distinguishable in that in *Divito* the witness was a third party and not a friend of the defendant. It would appear that the defendants if they felt Pamela was a material witness, and inasmuch as she was their friend and their companion that evening, would have called her. The attorney for the defendants at no time raised this question or issue in the trial court, except for a question of discovery. It would strongly appear that this witness was within the control of the defense. The fact that the State did not call Pamela, would not necessarily indicate she would have given testimony advantageous to the defendants. Defendants contend it was the obligation of the State to call Pamela, the companion of the defendants, as a witness. We do not agree.

■■ Defendants contend that the State failed to prove the value of the goods stolen exceeded $150 and that the case should be remanded for re-sentencing. No sentence was imposed for the theft by the trial court. Under the circumstances of this case this court is of the firm opinion where there were two convictions of burglary, the trial court was not influenced in its sentence by whether or not the value of the goods stolen incident to the burglaries, exceeded or was less than $150. There were convictions and sentences for two separate and distinct burglaries. Where the defendant was found guilty of burglary, the trial court was correct in not imposing a sentence for theft from the building burglarized. *People v. Brown* (1972), 52 Ill.2d 94, 285 N.E.2d 1. *People v. Budzynski* (1972), 9 Ill.App.3d 24, 291 N.E.2d 676.

· We will not substitute our judgment for that of the jury unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt as to the question of defendants' guilt. We consider the evidence presented established the guilt of the defendants beyond

a reasonable doubt. The judgment entered upon the conviction of theft is reversed and the judgment entered upon the convictions of burglary is affirmed.

. Reversed in part and affirmed in part.

SEIDENFELD and T. MORAN, JJ., concur.

## SUPPLEMENTAL OPINION

Mr. PRESIDING JUSTICE GUILD delivered the supplemental opinion of the court upon rehearing:

Subsequent to the promulgation of the above opinion, the defendants petitioned for rehearing. We allowed the petition.

■■ Defendants contend that the sentencing provisions of the new Unified Code of Corrections effective January 1, 1973, Ill. Rev. Stat. 1972, ch. 38, sec. 1005—8—1, are applicable to the sentences imposed herein. Section 1008—2—4 of the Unified Code of Corrections provides in substance that if the offense being prosecuted has not reached a final adjudication, the sentences under the Unified Code apply if they are less than under prior law. We have previously held in *People v. Mc-Closkey* (1971), 2 Ill.App.3d 892, 270 N.E.2d 126; *People v. Gargano* (1973), (Ill.App.3d), that a case pending upon appeal has not reached final adjudication. (*People v. Chupich*, 53 Ill.2d 572.) We agree therefore that the new Unified Code of Corrections is applicable in the instant consolidated cases.

Under the new Unified Code, burglary is classified as a class 2 felony. (Ill. Rev. Stat. 1972, ch. 38, sec. 19—1.) The sentence that may be imposed under the code for a class 2 felony is an indeterminate sentence set by the court, the minimum term shall be at least one year and the maximum shall not exceed twenty years. Additionally, in a class 2 felony the minimum term shall not exceed one-third of the maximum. Ill. Rev. Stat. 1972, ch. 38, sec. 1005—8—1.

. The State contends in substance that the sentences imposed herein are not in fact greater than authorized by the new code. In support of this contention, the State insists that inasmuch as a fine of not to exceed $10,000 may now be imposed in a case such as the one before us under the new code; and that upon violation of parole that the defendants could in fact receive a greater sentence upon re-commitment for violation of parole under the provisions of sec. 1003—3—9 (a) (3) (i) of the new code, that therefore the new code provisions are not in fact less than the former statutory provisions.

We do not believe that the legislature intended that a possible fine, and a possible violation of parole should be considered in determining

which of the penalty provisions were less under the former statute or under the new code. To this court, the actual term of imprisonment is the criterion and that is the basis upon which we shall base our determination. See *People v. Gargano, supra; People v. Lobb* (1973), 9 Ill. App.3d 650.

The sentences imposed upon Joseph Carter for the two burglaries were 8-10 years. The provisions of the Unified Code of Corrections being applicable and in conformity with sec. 1005—8—1 (c) (3) the two sentences for the class 2 felonies are reduced to a minimum of 3 years and 4 months, and the maximum of ten years in each case.

Likewise, the two concurrent sentences of 5-10 years imposed upon James Smith for burglaries are reduced to a minimum of 3 years and 4 months, and the maximum of 10 years.

■■ Under the authority of Supreme Court Rule 615, (Ill. Rev. Stat. 1971, ch. 110—A, sec. 615,) the sentences are so modified. Convictions affirmed. Sentences modified upon rehearing.

SEIDENFELD and MORAN, JJ., concur.