THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD JOSEPH O'MEARA, Defendant-Appellant.

(Nos. 73-68, 72-391 cons.;

Second District—November 8, 1974.

*Supplemental opinion upon rehearing filed January 14, 1975.*

852

Ralph Ruebner and Richard Wilson, both of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE CALVIN delivered the opinion of the court:

The defendant appeals from a revocation of his probation and from a denial of his petition for writ of habeas corpus. The appeals were consolidated in this court.

Originally, the defendant was charged in Lake County with armed robbery. On February 24, 1967, he pleaded guilty to the lesser included offense of robbery and on March 8, 1967, he was granted probation for a term of 5 years.

On October 13, 1967, a petition to revoke his probation was filed alleging that the defendant violated probation by committing armed robbery August 29, 1967, in Cook County, Illinois, where he was then in custody. Shortly thereafter, defendant was released to Federal authorities to stand trial on unrelated charges and, as a result thereof, received a 10-year sentence and was committed to the Federal penitentiary at Leavenworth on November 14, 1967. No detainer was filed by Lake County authorities while defendant was in Federal custody.

On December 21, 1970, defendant was paroled from the Federal penitentiary and returned to reside in Zion, Illinois. The facts are uncontroverted that the defendant saw both the probation officer and State's Attorney of Lake County on different occasions and that neither mentioned that the 1967 petition to revoke was still outstanding. The probation officer, in fact, informed him it had been dropped.

On August 30, 1971, defendant was brought before the trial court pursuant to the 1967 petition to revoke. Defendant moved the court to strike and dismiss the petition on the grounds he had been denied his Sixth Amendment right to speedy trial thereon. That motion was denied, and on September 29, 1971, defendant's counsel and the assistant State's Attorney indicated to the court that, after a discussion, they desired to present to the court a disposition in the nature of a negotiated plea which would, in effect, find defendant in contempt of court and extend his probation. The court did not act on the request at that time because there could have been Federal parole problems then in existence.

At a later hearing on November 10, 1971, after determining no Federal parole problem existed, the trial court extended probation for an additional 2 years beyond the original term, the order specifying the extension to be to March 8, 1974. The trial judge then admonished the defendant that he had a right to appeal the order within 30 days and to counsel and a transcript on appeal. The defendant acknowledged this admonition in open court. No appeal was filed.

On April 3, 1972, a second petition to revoke probation was filed alleging defendant violated his probation by committing the offense of theft over $150 on April 2, 1972. The defendant pro se moved to strike and

dismiss the petition alleging the hearing on the original petition to revoke had been held in violation of his right to speedy trial. This motion was later denied, and defendant, on June 21, 1972, filed a pro se petition for writ of habeas corpus again alleging violation of his right to speedy trial on the original petition to revoke probation. This petition was heard by a judge other than the original trial judge and was denied July 18, 1972, on which date defendant filed notice of appeal from that denial.

On August 9, 1972, the trial judge who originally granted probation and the extension thereof, acting on the second petition to revoke, did revoke the defendant's probation and sentenced him to a term of 3-10 years in the penitentiary with credit for 323 days previously served in the Lake County Jail. A notice of appeal from this order was filed. The appeals were consolidated for hearing in this court.

Defendant contends in both appeals that the trial court lost jurisdiction to conduct a hearing on the original petition for revocation of probation due to State-occasioned unreasonable delay in the hearing thereon and that by reason thereof, there was no valid extension of probation, and thus, probation had terminated on March 8, 1972, prior to the alleged second violation on April 2, 1972. We find that this argument has been waived.

Certainly, the trial court in 1967 had authority to grant probation for 5 years. (Ill. Rev. Stat. 1965, ch. 38, par. 117—1(b).) This original term would have expired March 8, 1972.

The service of the Federal sentence did not terminate defendant's State probation, and it was still in effect on November 10, 1971, when the trial court extended probation for an additional 2 years, that order specifying the termination date to be March 8, 1974. A person admitted to probation shall remain subject to the jurisdiction of the court. Ill. Rev. Stat. 1965, ch. 38, par. 117—1(c).

Section 117—1(b), in force in 1971 at the time of the hearing on the original petition to revoke probation, gave the court authority to extend probation for a period of not more than an additional 2 years for good cause shown. There was no contention by the defendant that good cause was not shown. His motion to strike and dismiss the petition to revoke was based on the grounds that the delay of almost 4 years in prosecuting the petition denied him his constitutional right to a speedy trial. This motion was denied by the trial court, and the defendant's probation was extended 2 years beyond the original term to March 8, 1974. Clearly, the court had both jurisdiction and authority to do so. The defendant, in his pro se brief, further contends that the order extending probation was void because it purported to grant probation for 7 years from the original date of March 8, 1967, and that this exceeded the

court's authority. We are not persuaded by this argument. That same order also specifically showed a termination date of March 8, 1974, and from that and a reading of the record, it is apparent that the court was extending an original 5-year term an additional 2 years.

■■ The record indicates the trial judge admonished the defendant of his right to appeal within 30 days of the extension order and of his right to counsel and transcript on appeal. This is not disputed by the defendant. The record further shows that no appeal was taken from denial of the defendant's motion to strike and dismiss the petition to revoke or from the order extending probation. Section 117—3(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 117—3(e)) provides for such an appeal when conditions of probation are altered. Since the defendant failed to raise the speedy trial argument on appeal within 30 days of the order extending his probation, he cannot argue it on this appeal. A constitutional right may be knowingly and voluntarily waived. *People v. Johnson*, 12 Ill.App.3d 511, 299 N.E.2d 545.

Thus, the defendant was still on probation on April 2, 1972, when he was alleged to have again violated his probation by committing another felony. The defendant does not challenge the revocation of probation or the sentence on the grounds that the State failed to prove a violation. The thrust of both appeals here is that the ruling of November 10, 1971, on the speedy trial issue was erroneous and that, therefore, the extension of probation was void and that, absent this extension, the court had no jurisdiction over the defendant after March 8, 1972. As we have indicated, that issue has been waived by the defendant by his failure to make timely appeal.

■■ We now turn to the issue presented by the defendant's appeal of the denial of his petition for writ of habeas corpus. A petition for writ of habeas corpus is intended to reach and correct errors of a jurisdictional nature only. The remedy of habeas corpus is not available to review errors of a nonjurisdictional nature even though they involve a claim of denial of constitutional right. (*People v. Cobb*, 8 Ill.App.3d 1081, 290 N.E.2d 610.) Therefore, it is necessary to determine whether there were any jurisdictional defects in the order extending probation or in the later order revoking probation.

■■ The record here shows that the defendant had been properly served a copy of the revocation petition and thus, the court had jurisdiction over his person. Clearly, on November 10, 1971, the original probation was still in full force and effect, and the court had jurisdiction over the subject matter thereof. As we heretofore indicated, the court had authority to extend probation for 2 years for good cause shown. There was no lack of jurisdiction on November 10, 1971.

■■ Since the extension of probation was valid, defendant was still on probation on April 2, 1972, and the court had jurisdiction of the proceedings involving the petition to revoke filed April 3, 1972. The remedy of habeas corpus was not available to the defendant here.

Defendant further contends that the sentencing provisions of the new Unified Code of Corrections, effective January 1, 1973, are applicable to the sentence imposed herein and that he should be granted credit on his sentence for time served on probation according to the provisions of section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)).

■■■ Section 8—2—4 of the Unified Code provides in substance that if the offense being prosecuted has not reached a final adjudication by January 1, 1973, the sentences under the Code apply if they are less than those under the prior law upon which prosecution was commenced. This court has previously held that a case pending on appeal has not reached final adjudication. (*People v. Smith* (1973), 10 Ill.App.3d 501, 296 N.E.2d 15; *People v. Gargano* (1973), 10 Ill.App.3d 957, 295 N.E.2d 342.) We agree that this matter before us had not reached final adjudication on January 1, 1973.

At the time defendant was convicted and at the time of his later sentence, robbery carried a penalty of an indeterminate sentence of not less than 1 nor more than 20 years in the penitentiary. Under the new Unified Code it is classified as a Class 2 felony carrying the same indeterminate penalty, plus a possible $10,000 fine. Clearly, the sentence authorized under the Unified Code is not less than under the prior law for the offense in this case. The sentence of 3-10 years given here complies with the provisions of the Unified Code.

We do not believe that the legislature intended that the provision for granting credit for time spent on probation or conditional discharge should be considered in determining whether the Code sentence is less than under the prior law. As this court stated in *People v. Smith* (1973), 10 Ill.App.3d 501, 507, 296 N.E.2d 15, 19:

> "To this court, the actual term of imprisonment is the criterion and that is the basis upon which we shall base our determination."

Inasmuch as the Code sentence is not less than that under the prior law in this case, the provisions of the Unified Code of Corrections do not apply here to give defendant credit on his sentence for time served on probation.

The various other contentions raised by the defendant in his pro se additional brief are all matters which could have been raised on appeal from the order extending probation. No such appeal was taken. These matters cannot now be raised.

For the reasons stated, the judgment of the circuit court will be affirmed.

Judgment affirmed.

STOUDER and ALLOY, JJ., concur.

## SUPPLEMENTAL OPINION

Mr. JUSTICE CALVIN delivered the opinion of the court:

After the filing of the above opinion, the defendant petitioned for rehearing. We allowed the petition.

The petition is limited to the issue of defendant's right to credit on his sentence for time served on probation according to the provisions of section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)).

■■ Apparently, this issue had already been decided by the regular panel of this court by order dated March 19, 1974, after the filing of the briefs later submitted to this panel. That order found that the defendant is entitled to credit for the period subsequent to November 10, 1971, the date defendant's probation was extended, until the date on which the second petition to revoke was filed, April 3, 1972, and for the period from April 3, 1972, to August 9, 1972, being the date defendant was sentenced, and ordered the trial court to consider the defendant's motion for sentence credit consistent with its order.

It further appears that on June 5, 1974, the trial court, consistent with that order, entered an order granting defendant credit for 272 days served on probation.

We are bound by those orders, and, therefore, our opinion is modified consistent therewith.

ALLOY and STOUDER, JJ., concur.